McKinney, J.,
delivered the opinion of the Court.
This was an action on the case, brought by Brown & Appleton against Yancey, on the following letter of guaranty :
“Jonesboro’, October 4, 1847.
Messrs. Brown & Appleton :
Gentlemen: Mr. W. G. Stuart, the bearer of this, is a young man who has lived with me for the last twelve months, and has now visited your city with a view of buying a small stock of goods. Knowing bim to be a young man of strict integrity, and of sober, moral and industrious habits, (and I have known bim all his life,) I have no hesitancy in recommending him to you as such. I want you to sell him a bill of goods on the best terms you can afford; I will guarantee the payment of every dollar.
Yours, most respectfully,
John Yancey.”
*95 Fourteen days after the date of the above letter, Brown & Appleton, on the faith thereof, sold to Stuart a bill of goods amounting to $309.00. On the 5th of February, 1848, Stuart paid $100.00 on this account, and being unable to pay the remaining sum, by reason of insdlvency, the present suit was brought to enforce payment of the same by Yancey.
The record is voluminous, and presents various questions which we do not think it necessary to discuss. The only point material to be considered, arises upon the charge of the Court.
His Honor instructed the jury, that, to entitle the plaintiffs to recover, “It was necessary for them to show that they gave notice to defendant of their acceptance of the guaranty, and that they had acted under it.” And that it was likewise necessary for them to show, “ that they made a proper demand of the debt from Stuart, after it became due, and that, upon his default in paying it, they had given notice thereof to defendant in a reasonable time afterwards.” But the Court left it to the jury, upon “ the facts and circumstances proved,” to determine whether or not notice of the acceptance of the guaranty, and of the failure of Stuart to pay, had been given.
The jury found for the plaintiff, and judgment was rendered accordingly, to reverse which, the defendant has prosecuted an appeal ;in error to this Court.
We think the instruction of the Court, as to notice of the acceptance of the guaranty, and the default of Stuart to pay, is erroneous. But of this the plaintiff in error cannot complain; and this point being *96 decided against him, all the other questions made in the case cease to be of any importance.
Upon much consideration, we have adopted the doctrine of the English authorities upon this subject; and the settled law in this State now is, that where the instrument purports to be an absolute engagement, no notice either of the acceptance of the guaranty, or of non-payment by the principal, is necessary. That such absolute guaranty takes effect as soon as it is acted upon; and to support an action against the guarantor, nothing more is necessary to be shown than that the party to whom it is addressed acted under it. We are fully aware that the current of American authorities establish a different doctrine. According to the later authorities, the liability of a guarantor is made to depend upon principles of commercial, rather than of common law. Indeed, some of the cases seem to go the length of holding, that in order to fix the liability of the guarantor, almost the same degree of strictness in giving notice is necessary as is required by the law merchant between endorsee and endorsor. This principle has no foundation in the common law. It is a new principle, but recently introduced into the jurisprudence of some of our sister States, upon the authority of the Supreme .Court of the United States. With proper respect for the authority of that high tribunal, we have felt constrained to adhere to the established principle of the common law, because, in our judgment, it furnishes a more just and sensible rule of decision.
The instrument set forth in the declaration in this case, is not, as was assumed in argument, a mere *97 proposition or offer to become bound as surety for Stuart; nor does it contemplate any notice of acceptance, or of the failure of Stuart to pay. The operative terms of the instrument are, “I want you to sell him (Stuart) a bill of goods on the best terms you can afford; I will guarantee the payment of every dollar.” Here is an express request by the defendant to the plaintiffs, to sell Stuart a bill of goods, and an absolute undertaking to be bound for the payment thereof. Upon well established common law principles, a request, followed by performance, is sufficient to constitute a valid contract between the parties. Yet the position assumed, that notice of the acceptance of a guaranty, • and that the party has acted under it, is necessary in order to bind the guarantor, is to maintain that an executory contract, founded upon an antecedent request of the one party, and followed by performance of the other party, is not a binding contract. We do not so understand the law.
It is certainly true, that Stuart, the principal, was himself liable to the plaintiffs; and admitting furthermore, that he was liable, and that the undertaking of the defendant was upon the implied condition of the failure of his principal to pay, yet his liability was commensurate with that of his principal, for whom he had agreed to become absolutely bound, and the means of information being equally within his reach* he was bound, at his peril, to inform himself as to whether the guaranty had been accepted, the goods sold upon the faith of it, and payment made by the principal. To * hold otherwise, in the case of an absolute guaranty, would be to make letters of guaranty *98 instruments of fraud and illusion. We do not deem it necessary to examine tlie authorities, in this opinion. Indeed, very little aid is to be derived from the cases upon this subject, as they turn very much upon the language of each particular instrument. See the case of Bright vs. McKnight, 1 Sneed’s R., 158; 2 Swan, 117.
Judgment affirmed.